United States District Court
Southern District of Texas
**ENTERED**
July 06, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BENNY HEBERT, Petitioner | § § § § § § § § § |
| v. | |
| BOBBY LUMPKIN Respondent | |

Civil Action No. 1:22-cv-116

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court is in receipt of Benny Hebert's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus and supporting documents. Dkt. Nos. 1, 6, 11, 19. The Court is also in receipt of Director Bobby Lumpkin's "Answer with Brief in Support" (hereinafter, Lumpkin's "Answer"). Dkt. No. 32. For the reasons provided below, it is recommended that the Court: (1) **DISMISS** this civil action without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) **DECLINE** to issue a certificate of appealability.

### I.   Jurisdiction

The Court has jurisdiction over the claims and parties pursuant to 28 U.S.C. §§ 2241 and 2254, which provide that jurisdiction is proper where the incarcerated petitioner is confined, or where his state conviction was obtained. *See* 28 U.S.C. § 124(b)(5); *Wadsworth v. Johnson*, 235 F.3d 959, 961-62 (5th Cir. 2000).

### II.   Background and Procedural History

On June 24, 2021, in the 338th District Court in Harris County, Texas, Hebert pleaded guilty to three counts of evading arrest or detention with a vehicle, one count of

possession with intent to deliver a controlled substance, and one count of unlawful possession of a weapon. Dkt. Nos. 31-2, 31-3, 31-5, 31-7, 31-9. He pleaded true to all enhancements and was sentenced to five years of imprisonment as to each count, with the sentences to run concurrently. *Id.* Hebert did not file a direct appeal. On September 2, 2022, Hebert filed the instant 28 U.S.C. § 2241 Petition (hereinafter, Hebert's "Petition") pending before the Court. Dkt. No. 1. In his Petition, Hebert claims that he is entitled to § 2241 relief because the Bureau of Prisons miscalculated his sentence and failed to properly award good time credits. *Id.*

On September 7, 2022, Hebert attempted to supplement his petition to include a request for relief. Dkt. No. 6. On September 19, 2022, the Court ordered Hebert to file an amended 28 U.S.C. §2241 petition to correct certain deficiencies. Dkt. No. 8. Specifically, the Court ordered Hebert to include facts sufficient to state a claim for relief. *Id.* On October 11, 2022, Hebert submitted a response to the Court's order. Dkt. No. 11. Hebert stated that he had filed a time dispute resolution form with the Central Office in Huntsville. *Id.* at 3. He further stated that he had appealed to the "State counsel for offenders and [his] attorney." *Id.*

On October 27, 2022, the Court issued an Order and Notice stating that because Hebert is in state custody pursuant to at least one state court judgment, his Petition must be reviewed under 28 U.S.C. §2254 as opposed to Hebert's requested review under 28 U.S.C. §2241. Dkt. No. 14. On November 07, 2022, Hebert filed a petition under 28 U.S.C. § 2254. Dkt. No. 19. He stated that he raised the time credit issue in a "nunc pro tunc with the trial court" but that court did not respond. *Id.* at 6. He further stated that he filed a time dispute with "Classification and Records". *Id.* at 7.

2

On January 27, 2023, the Government filed its Answer with Brief in Support. Dkt. No. 32. The Government argues that Hebert's claims are barred by the statute of limitations, unexhausted, and subject to dismissal. *Id*. On February 27, 2023, Hebert responded that his claims should not be dismissed because he exercised due diligence by filing a time credit dispute resolution form with the Texas Department of Criminal Justice Classification and Records Division and the Texas State Counsel of Offenders. Dkt. Nos. 33, 34.

### III.  Legal Standards

The applicable provisions of the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d) ("AEDPA"), govern Hebert's Petition. *See Woodford v. Garceau*, 538 U.S. 202, 207 (2003); *Lindh v. Murphy*, 521 U.S. 320, 335-36 (1997). Pursuant to the AEDPA, a federal court may not grant habeas relief based upon a claim that was adjudicated on the merits by a state court unless the Petitioner demonstrates that the state court's decision: (1) "was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); see also *Harrington v. Richter*, 562 U.S. 86, 97-98 (2011). "This standard is difficult to meet but 'stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings.'" *Auvenshine v. Davis*, No. 4:17-cv-294-Y, 2018 WL 2064704, at *2 (N.D. Tex. May 3, 2018) (quoting *Harrington*, 562 U.S. at 102). The AEDPA also provides for a one-year limitations period applicable to petitions filed under 28 U.S.C. § 2554. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Section 2244(d) provides:

(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of -

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. §2244(d).

In "rare and exceptional circumstances", a § 2554 petitioner may be entitled to equitable tolling of his AEDPA limitations period, but only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998); *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549 (2010). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."

*Holland*, 560 U.S. at 653.  The movant bears the burden of establishing an entitlement to equitable tolling.  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).  Determining whether to apply the equitable tolling doctrine often requires courts to make a "judgement call," and the decision is "an exercise of discretion by the district court."  *Alexander v. Johnson*, 294 F.3d 626, 630 (5th Cir. 2002).

A petitioner must fully exhaust state remedies before seeking federal habeas relief, to give the State an opportunity to correct any alleged violations of a petitioner's federal rights.  28 U.S.C. 2254(b)(1)(A); *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006); *Spencer v. Texas*, No. SA-19-CV-001135-XR, 2020 WL 759428, at *6 (W.D. Tex. Feb. 13, 2020).  "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(1)(A).

Failure to "exhaust state court remedies by presenting the claim to the highest available state court" would render the claim procedurally defaulted, and generally bar a federal court from considering the merits of the claim on habeas review.  *In re Davila*, 888 F.3d 179, 187 (5th Cir. 2018).  In Texas, a habeas petition "can satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding."  *Ricketts v. Davis*, No. 4:16-cv-403-O, 2018 WL 2193908, at *2 (N.D. Tex. May 14, 2018).

5

## IV.     Discussion

### A. Timeliness of Hebert's Petition

Hebert's Petition and supporting documents attack the trial court's imposition of less pre-sentence jail time credit to his conviction under Cause No. 168843301010. Dkt. Nos. 1, 6, 11, 19. Under these circumstances, the one-year statute of limitations for federal habeas review began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of reasonable diligence." 28 U.S.C. § 2244(d)(1)(D). Hebert was convicted and sentenced on June 24, 2021; he was told he would receive 487 days of pre-sentence jail time for Cause No. 162901901010, but only 298 days of pre-sentence jail time for Cause No. 168843301010. Dkt. Nos. 31-2, 31-9. Hebert's sentence became final 30 days after his judgment, on July 26, 2021, since he waived his right to appeal.[1] Dkt. No. 31-10 at 11; Tex. R. App. P. 26.2(a)(1).

Hebert, then, knew or could have discovered the factual predicate for his claims by July 26, 2021; therefore, the statute of limitations expired one year later, on July 26, 2022. Critically, Hebert did not file the instant Petition until September 02, 2022. Dkt. No. 1. He filed his Petition 38 days after the expiration of the statute of limitations, thus rendering it time-barred.

### B. Statutory Tolling

Under the AEDPA, the period during which a "properly filed application for State post-conviction or other collateral review" is pending shall not count toward the limitations period on federal habeas review. 28 U.S.C. § 2244(d)(2). "[A] state habeas

---

[1] The thirtieth day after Hebert's judgment fell on a Saturday; the judgment therefore became final on the following Monday, July 26, 2021. *See* Tex. R. App. P. 4.1(a).

petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). When a petitioner challenges the calculation of their sentence, the filing of an administrative Time Dispute Resolution Form also tolls the AEDPA limitations period. *Clifford Earl Henry, TDCJ #372077 v. Stephens*, No. CV H-14-3697, 2015 WL 9302845, at *2 (S.D. Tex. Dec. 18, 2015); *Stone v. Thaler*, 614 F.3d 136, 138-39 (5th Cir. 2010) (TDCJ inmates are entitled to statutory tolling for the pendency of time dispute resolution form properly filed with the TDCJ).

Hebert contends that he submitted a time credit dispute resolution form which was stamped as "received" by the TDCJ on February 25, 2022. Dkt. No. 33 at 1. However, while he claims that he filed the form, he does not provide any documentation substantiating this claim. Dkt. No. 32 at 6. Hebert is only entitled to statutory tolling on that basis for the pendency of time dispute resolution forms properly filed with the TDCJ. *Stone*, 614 F.3d at 138-39. Thus, statutory tolling does not apply.

**C. Equitable tolling.**

In addition to statutory tolling, the one-year limitations period may be equitably tolled "in rare and exceptional circumstances." *Manning v Epps*, 688 F.3d 177, 183 (5th Cir. 2012). The doctrine applies mainly "in 'situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights.'" *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002). A petitioner is entitled to equitable tolling only if he shows that: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Davis*, 158 F.3d at 811 (5th Cir. 1998); *Holland*, 560 U.S. at 649 (2010). As

7

petitioner, he bears the burden of proving his entitlement to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Hebert claims that he is entitled to equitable tolling based on the submission of his time dispute resolution form. However, the documents of record fail to demonstrate that he did in fact file the form. In addition, Hebert has not alleged or otherwise shown rare and exceptional circumstances that prevented him from timely filing his petition. Therefore, Hebert's claims are time-barred and should be dismissed.

**D. Exhaustion**

Along with the reasons provided above, the Court must also note that this case should be dismissed without prejudice for failure to exhaust state remedies. A petitioner must fully exhaust state remedies before seeking federal habeas relief. 28 U.S.C. § 2254(b)(1)(A). In Texas, a habeas petition "can satisfy the exhaustion requirement by presenting both the factual and legal substance of a claim to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas proceeding." Ricketts, 2018 WL 2193908 at *2. A prisoner generally must first file a time credit dispute with TDCJ prior to filing a state writ of habeas corpus. *Rose v. Lumpkin*, No. 1:22-cv-90, 2022 WL 17253909, at *7 (S.D. Tex. Sept. 27, 2022) (citing Tex. Gov't Code § 501.0081(b)(1)).

While Hebert alleges that he filed a time credit dispute with TDCJ, no documentation has been provided that confirms that the office received it. And, Hebert does not dispute that he has not filed a state habeas petition. The record shows, then, that he did not attempt to present his claims to the Texas state courts. Further, he does not provide sufficient reason as to why his failure to exhaust should be excused. Because Hebert never presented the substance of his claims to the Texas Court of Criminal

8

Appeals, he has not exhausted his state remedies. Accordingly, this civil action should be dismissed without prejudice.

## V.     Certificate of Appealability

A certificate of appealability shall not issue unless the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires "showing that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Said differently, where claims have been dismissed, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. Where claims have been dismissed on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural hiring." *Id*.

District courts may deny certificates of appealability sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability should not issue in this case because Hebert has not made a substantial showing of the denial of a constitutional right.

## VI.   Recommendation

For the reasons stated above, it is recommended that the Court: (1) **DISMISS** this civil action without prejudice; (2) **DIRECT** the Clerk of Court to **CLOSE** this case; and (3) **DECLINE** to issue a certificate of appealability.

## VII.   Notice to Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SIGNED** on this **6th** day of **July, 2023**, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge